William J. Hughey and Wellington Hughey, copartners as Wm. J. Hughey & Son, Appellees, v. Antonio Sbarbaro, Appellant.

Gen. No. 18,301.

PRINCIPAL AND AGENT—*when authority of agent shown.* In an action for the value of work and labor performed and materials furnished upon automobiles ordered by defendant's agent employed as a "salesman and manager," evidence *held* sufficient to show that the agent had authority to act for defendant.

Appeal from the County Court of Cook county; the HON. W. F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 12, 1913.

RICHARD I. GAVIN, for appellant.

LOUIS A. HEILE, for appellees.

MR. JUSTICE FITCH delivered the opinion of the court.

Appellees recovered a judgment against Antonio Sbarbaro for the value of work and labor performed and materials furnished by appellees upon sundry automobiles. The proofs tended to show that Sbarbaro was engaged in selling automobiles and he admits that one Shadburne was his "salesman and manager." It appears that practically all the work performed and materials furnished by appellees were so performed and furnished under the direction of Shadburne, and the sole question raised upon this appeal is whether the evidence shows that Shadburne had authority to act for Sbarbaro.

Appellant's counsel claims that the evidence is as consistent with the theory that Shadburne ordered the work done and materials furnished for himself, individually, as for Sbarbaro. We have examined the record carefully and we are unable to find any evidence sustaining this theory of appellant's counsel. The evidence shows that Shadburne was associated with Sbarbaro, either as sales manager or as a partner in the business, and the contracts made by him with appellees for work and materials were within the apparent scope of his authority, in either case. There is some evidence to the effect that Shadburne was discharged or had severed his connection with Sbarbaro before all of the work for which suit was brought had been done, but this evidence is contradicted. There is also some evidence to the effect that one of the appellees was told by Sbarbaro that if any repairs were to be furnished he, Sbarbaro, "would do the ordering." But there is nothing in the evidence to indicate that this statement had reference to any want of authority on the part of Shadburne, or that appellees knew or were told that Shadburne had (if he had) ceased to be Sbarbaro's managing agent. Under these circumstances, the question was purely

one of fact for the jury, and we cannot say that the verdict is manifestly contrary to the weight of the evidence.

The judgment of the county court will therefore be affirmed.

*Affirmed.*